UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARNELL TYLER, (N95566), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 17 C 2906 |
| ) | Hon. Marvin E. Aspen |
| JOHN VARGA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Marvin E. Aspen, District Judge:

Petitioner Carnell Tyler filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Habeas Pet. (Dkt. No. 1).) Presently before us is Tyler's motion for leave to supplement his habeas petition to add a claim of ineffective assistance of counsel and to hold his petition in abeyance pending review of the new claim in state court. (Mot. (Dkt. No. 16).) We hereby dismiss Tyler's habeas petition without prejudice in light of his pursuit of state court review of his ineffective assistance of counsel claim, deny Tyler's motion to stay, and deny Tyler's motion to supplement his habeas petition as moot.

**BACKGROUND**

On April 17, 2013, a jury in the Circuit Court of Cook County, Illinois convicted Tyler of first degree murder for the death of a store owner's daughter during a 2005 armed robbery in Robbins, Illinois. *People v. Tyler*, No. 1 13 3513, 2016 IL App (1st) 133513-U, at *1 (1st Dist. Sept. 30, 2016). The trial court sentenced Tyler to life in prison. *Id.* at *5. The Illinois Appellate court affirmed Tyler's conviction after he appealed based on various alleged errors in his trial. *Id.* at **1, 9–12. Tyler then filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court. (PLA, State Ct. R., Ex. E (Dkt. No. 14–2) at PageID #: 242–60.) The Illinois

Supreme Court summarily denied Tyler's PLA on January 25, 2017. 412 Ill. Dec. 917, 77 N.E.3d 85 (Ill. 2017). At this time, Tyler is incarcerated at the Dixon Correctional Center in Dixon, Illinois. (Mot. at 8.)

On April 17, 2017, Tyler filed the instant habeas petition. In it he asserts three claims: (1) his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court erred in denying his motion to suppress statements made to police officers after Tyler had unambiguously invoked his right to counsel; (2) his Sixth and Fourteenth Amendment rights were violated because the jury was allowed to hear prejudicial evidence of prior crimes and prior incarceration; and (3) his Fourteenth Amendment right to a fair trial was violated when the prosecutor made allegedly prejudicial comments during closing statements. (Habeas Pet. at 5–6.)

On October 30, 2017, Tyler filed a motion to supplement his habeas petition in order to add an effective assistance of counsel claim. (Mot. at 1.) He argues that he was denied his right to due process in his state trial because his attorney did not seek insanity jury instructions and did not obtain a report documenting Tyler's psychiatric treatment. *Id.* Tyler's motion also indicates he filed a timely post-conviction petition in Cook County Circuit Court on or around June 20, 2017 seeking review for the same ineffective assistance of counsel claim. *Id.* Tyler requests that we hold his habeas petition in abeyance until the assistance of counsel petition is resolved in state court. *Id.*

Respondent John Varga requests we dismiss Tyler's petition without prejudice pending exhaustion of his state court remedies. (Resp. (Dkt. No. 18) at 2.) In the alternative, Respondent requests we dismiss the petition with leave to reinstate within a "reasonable time (30 to 60 days) after conclusion of [Tyler's] postconviction proceedings." *Id.* at 4.

## ANALYSIS

In order to qualify for federal habeas relief, 28 U.S.C. § 2254(b)(1)(A) requires a petitioner to "exhaust the remedies available in the courts of the state," meaning the petitioner must first give the highest state court the ability to address all alleged violations of the prisoner's federal constitutional rights. *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997); *see also Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982). Because Tyler is currently pursuing post-conviction review in state court, we cannot consider his petition in district court until he has exhausted his state remedies. *Rose*, 455 U.S. at 518, 102 S. Ct. at 1203 (finding it would be "unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation"); *Gacho v. Butler*, 792 F.3d 732, 734–35 (7th Cir. 2015) (dismissing habeas action because it paralleled petitioner's state court proceedings).

Tyler has sufficient time to refile a habeas petition after the conclusion of the ongoing state post-conviction review, making stay and abeyance inappropriate. The federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year statute of limitations period for a state prisoner to file a habeas petition, which begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). After the Illinois Supreme Court denied Tyler's PLA on January 25, 2017, his judgment became final on April 25, 2017 for AEDPA purposes, the last day he could have filed a petition for writ of certiorari for review of his case in the Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S. Ct. 641, 653–54 (2012)

---

[1] Section 2244(d)(1) directs the period of limitations to begin to run from the latest of four dates. Petitioner does not assert, and the Court cannot discern at this time, any facts triggering the application of §§ 2244(d)(1)(B)–(D). Consequently, our analysis presumes that the period of limitations under § 2244(d)(1)(A) applies.

(clarifying that for petitioners seeking review under § 2244(d)(1)(A), "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires"); Sup. Ct. R. 13.1 (requiring a petition for a writ of certiorari for review of state court judgment to be filed within 90 days after entry of the judgment). The one year statute of limitations period for habeas review has been tolled since Tyler initiated a petition for state post-conviction review on or about June 20, 2017, and will continue to toll during the period of state review.[2] 28 U.S.C. § 2244(d)(2); *Rhines v. Weber*, 544 U.S. 269, 272, 274, 125 S. Ct. 1528, 1532–33 (2005). Accordingly, only approximately two months of Tyler's federal habeas statute of limitations period have run.

Stay and abeyance of Tyler's habeas petition is not appropriate in this case because Tyler has sufficient time to refile his petition after the end of state post-conviction review. Stay and abeyance developed as a tool to preserve a petitioner's ability to seek federal review when dismissal of an improperly filed habeas petition occurs near the end of a petitioner's one year deadline. *Rhines*, 544 U.S. at 276, 125 S. Ct. at 1534–35. However, stay and abeyance "should be available only in limited circumstances" to avoid frustration of the AEDPA's stated purposes: to avoid delays in the execution of state and federal sentences, and increase petitioners' incentives to exhaust all claims in state court prior to seeking habeas review. *Rhines*, 544 U.S. at 277–78, 125 S. Ct. at 1534–35; *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017). While a stay should be granted when the petitioner's attempt to exhaust state

---

[2] Tyler alleges in his motion that this claim under the Illinois Post-Conviction Hearing Act ("IPCHA"), 725 ILCS 5/122–1 is timely. (Def. Mot. at 1.) Further, it appears the petition was indeed timely filed under the IPCHA, as Tyler initiated his action within 30 days of his deadline of April 25, 2017 to file a petition for writ of certiorari. 725 ILCS 5/122–1(c) ("If a petition for certiorari is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a certiorari petition . . . ."); *People v. Johnson*, 413 Ill.Dec. 10, 16, 77 N.E.3d 615, 621 (2017) ("According to the statute, when no petition for *certiorari* is filed, the six-month deadline starts to run from the date for filing the *certiorari* petition.").

remedies would "effectively end any chance at federal habeas review" in light of the AEDPA's limitation period, a stay is less appropriate when the petitioner would have sufficient time to refile his habeas petition after state review. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (finding no substantial risk of petitioner being unable to refile a habeas petition when more than five months of petitioner's limitation period remained when the district court dismissed his first petition).

After exhaustion of state post-conviction review, Tyler will have approximately ten months to refile a habeas petition, which he may amend to include the currently unexhausted claim of ineffective assistance of counsel. Ten months constitutes more than sufficient time for Tyler to refile a second habeas petition. Dismissing Tyler's petition in lieu of a stay will in no way limit his access to federal review. We accordingly dismiss Tyler's petition without prejudice, and deny Tyler's motion to stay his habeas petition. We also deny Tyler's motion to supplement his habeas petition with an additional claim as moot.

## CONCLUSION

For the foregoing reasons, we hereby dismiss Tyler's habeas petition without prejudice. (Dkt. No. 1.) We also deny Tyler's motion to stay and deny his motion to supplement his habeas petition as moot. (Dkt. No. 16.) The status hearing scheduled for January 11, 2018 is vacated. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: January 3, 2018
      Chicago, Illinois